IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KEITH F. HOPKINS                                                PETITIONER
Reg #05419-033
v.                          Case No. 2:15CV00066 KGB-JTK

CV RIVERA, Warden
FCI-Forrest City                                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

## I. Introduction

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Keith Hopkins for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE #1).  The petition was transferred from the United States District Court for the Western District of Kentucky on April 24, 2015.  (DE #6).  For the reasons set forth herein, the Court recommends that the current habeas petition be dismissed.

## II. Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City).  In 1995, he pled guilty in the Western District of Kentucky to all counts of the indictment, and he was sentenced to 120 months' imprisonment for each of the first four counts, which were all to run concurrently with each other.  The fifth count charged Petitioner with use of a firearm during the kidnapping of a victim, and the sixth count charged him with use of the same firearm during the kidnapping of another victim.  Both convictions were pursuant to 18 U.S.C. § 924(c), and he was sentenced to 120 months' imprisonment on the fifth count and 240

2

months on the sixth count.  These two sentences were to run consecutively to each other and to the first four sentences.  Thus, his total term of imprisonment was 480 months.

Petitioner attempted a direct appeal to the Sixth Circuit Court of Appeals two years later, but it was rejected as untimely.  A 1998 § 2255 petition for writ of habeas corpus with the sentencing court was also denied as untimely.  In 2000, the Sixth Circuit denied Petitioner's application for leave to file a second § 2255 motion.  Subsequently, Petitioner filed a motion for reduction of sentence with the sentencing court, but it was denied because the court rejected his arguments that the dual 18 U.S.C. § 924(c) convictions were a violation of the Double Jeopardy Clause.

On November 16, 2005, Petitioner filed a pleading entitled Motion to Clarify Sentence in the sentencing court.  His motion challenged the validity of his consecutive sentences on the 18 U.S.C. § 924(c) violations (Counts V and VI).  He once again alleged that the offenses charged in Counts V and VI were multiplicitous and violated the constitutional prohibition against double jeopardy.  The district court dismissed Petitioner's motion because he had previously challenged his sentence on the same grounds.

On July 16, 2014, Petitioner filed a habeas petition pursuant to § 2241.  In that petition, Petitioner argued that he was inappropriately convicted of two separate violations under 18 U.S.C. § 924(c) and requested that his second conviction (Count VI) be vacated and he be resentenced.  The district court adopted the magistrate judge's findings and recommendation that the petition be dismissed without prejudice for lack of jurisdiction.  The Eighth Circuit summarily affirmed the judgment of the district court and denied the petition for rehearing by panel.

### III.  Discussion

Petitioner now argues in the current petition his actual innocence of one of the 18 U.S.C. § 924(c) violations (Count V or VI) and requests that either count of his indictment be vacated and remanded.

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert denied*, 545 U.S. 1147 (2005). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of detention." *See* 28 U.S.C. § 2255. The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his conviction in the District of Kentucky. He claims that one count of his conviction should be vacated and the case remanded based on his actual innocence. Because Petitioner is directly challenging the validity of his original conviction, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claim can be addressed on the merits there. However, Petitioner is precluded from seeking relief under § 2255, because he has already done so before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a

"second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the apposite Circuit Court of Appeals.  28 U.S.C. §§ 2255(h) and 2244(b)(3). Petitioner apparently does not have a preauthorization order from the Circuit Court of Appeals, so it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and transfer this matter back to the district court in Kentucky in which he was convicted and sentenced.

Moreover, it appears that Petitioner has deliberately elected to bring his current claims in a § 2241 habeas corpus petition, perhaps because he knows he is not currently eligible for relief under § 2255.  Petitioner might believe that he is exempt from § 2255's exclusive remedy rule under the savings clause and that he can challenge his conviction in a § 2241 habeas proceeding because he does not presently have a preauthorization order that would allow him to file a successive § 2255 motion.  That reasoning, however, must be rejected.

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).   In this case, there has been no relevant change in the law since Petitioner's § 2255 motion was denied by the trial court.

Petitioner seems to suggest that the savings clause should be applied here based on his actual innocence of one of the 18 U.S.C. § 924(c) charges.  In the recent Supreme Court decision of *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid a statute of limitations defense. However, Petitioner cannot invoke the savings clause based on that decision, and *McQuiggin* did not change the law in any way that could allow Petitioner to invoke the savings clause.  Petitioner

has not demonstrated that his prosecution and trial were somehow procedurally flawed, but he is claiming that he is "actually innocent" of one of his two § 924(c) convictions. However, a claim of actual innocence is not necessarily sufficient, by itself, to successfully invoke the savings clause. The Eighth Circuit made clear in *Abdullah* that a federal prisoner could not invoke the savings clause, even for a claim of actual innocence, if he previously had some procedural opportunity to raise that claim. *See Abdullah*, 392 F.3d at 963 (§ 2255 is not inadequate or ineffective, thereby allowing a prisoner to raise an actual innocence claim in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand"). Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause because § 2255 afforded him an adequate opportunity to raise his claim of actual innocence in a second or successive § 2255 motion. As noted previously, § 2255(h) bars a second or successive motion unless the prisoner has been granted preauthorization by the superintending circuit court of appeals after a showing of newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. If Petitioner indeed possessed some newly discovered evidence that would effectively prove his innocence, he could present that evidence to the appellate court and ask for permission to file a new § 2255 motion in the trial court.

## IV.  Conclusion

In sum, § 2255(h) has afforded Petitioner an adequate procedural opportunity to raise his actual innocence claim in a successive § 2255 motion; therefore, § 2255 is not an inadequate or ineffective remedy for Petitioner's current claim, and the savings clause is not applicable here.

Accordingly, the Court finds that (1) Petitioner's current § 2241 habeas petition directly challenges the validity of his 1995 criminal convictions in the District of Kentucky; (2) such

challenges can be raised only in a § 2255 motion filed in the trial court unless the remedy provided by that statute is "inadequate or ineffective;" and (3) § 2255 is not an "inadequate or ineffective" remedy for Petitioner's current actual innocence claim because § 2255(h) afforded him an adequate procedural opportunity to raise that claim by means of a second or successive motion. Thus, the Court concludes that the current petition is barred by the § 2255(e) exclusive remedy provision; that the "savings clause" is not available for Petitioner's claim of actual innocence; and that this action must therefore be summarily dismissed for lack of jurisdiction.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (DE #1) pursuant to § 2241 be, and it is hereby, dismissed without prejudice. The relief prayed for is DENIED.

SO ORDERED this 28th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE